

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLWILSON XXXXXX
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant
State Superintendent of
Public Instruction
Austin, Texas

Dear Sir:

Opinion No. 0-5677
Re: Are State and Federal excise
stamps on hand in a liquor
store subject to school taxes?

We have your request for opinion on the above question. You attach to your request, and in explanation thereof, a letter to you from Mr. George M. Waddill, Business Manager of the Amarillo Public Schools. The pertinent parts of said letter are as follows:

"In the case of L. E. L. Sales Company, Inc. of Amarillo, Texas the tax equalization board raised the valuation of merchandise and other assets rendered by the above Company; and in protesting the raise of said values, L. E. L. Sales Company insists that certain items are not subject to taxation as follows:

"1. State Excise Stamps, part attached to whiskey and wine and part loose stamps. . . . . . . . .$2,164.91

"2. Additional Federal Excise Tax. effective Nov. 1st, 1942. Billed separately from the cost of whiskey and wine and 0. P. A. did not allow a markup at that time on this tax. . . . . . . . . . . . . . . . . . $1,705.84

"This Company is in the wholesale liquor business and takes the position that the above two items are not subject to tax since they represent taxes paid.

"Our equalization board took the position that these amounts represent money which has been used to increase the value of the merchandise on the shelf, and that it would be proper to include the cost of the stamps in arriving at the net cost of the articles on the shelf.

"Further, that those stamps which were loose and not attached to merchandise are taxable for the reason that if the stamps were not on hand, the same amount would be represented in cash in the bank, which would be, without question, taxable."

As to the power of the school district to subject the Federal excise stamps to an ad valorem tax we observe as follows:

These stamps come into existence under the terms of an act of the Congress of the United States pertaining to the collection of the internal revenue taxes imposed by the Federal Government on distilled spirits. The internal Revenue Code of the Government of the United States sets up an exhaustive and comprehensive method for the collection of taxes on distilled spirits. In said Act among other things it is provided that, "No person shall transport, possess, buy, sell or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such spirits."

The law further provides in substance that the stamps mentioned shall be issued by the Commissioner to each Collector, upon the requisition of the Collector, and that the issue shall be in such numbers as may be necessary in the particular Collector's district, and shall be sold by the various Collectors to persons entitled thereto upon their making application for stamps and complying fully with the regulations which may be set up under this law.

When any stamps so procured are destroyed by fire or water, or made useless by erroneous over-printing or cutting before they have been used, the Commissioner under regulations approved by the Secretary may issue new stamps in exchange for the old stamps. And in case the owner of the stamps has no use for them by reason of the discontinuance or transfer of his business, and has on hand quantities of the value of $5.00 or more, and presents his claim within one year after the date on which the stamps were purchased the Commissioner may refund the value of said unused stamps under regulations approved by the Secretary. The law furhter provides that every person emptying any container stamped under the provisions of this law shall at the time of emptying such container destroy the stamp thereon. (See United States Code Annotated, Title 26, Chapter 26, Sections 2800 to 3045, inclusive)

The stamps of the Federal Government, about which you inquire, are a device used by the Federal Government in the collection of its taxes on alcoholic liquor. These stamps are evidence of a tax paid to the Federal Government by the taxpayer. They are an instrument, or instrumentality, used by the Federal Government as a part of its system and method for the collection of taxes due the Government of the United States under the terms of its Internal Revenue Laws.

It is well settled that the State of Texas, as well as its political subdivisions which possess taxing powers, do not have authority to tax an instrumentality of the United States when such tax operates as a burden upon the means or agency whereby the Federal Government performs its governmental functions.

We regard the Federal stamps inquired about by you as falling within the rules last mentioned, and you are therefore advised that the school district cannot assess, levy or collect any tax on said stamps. (See Texas Jurisprudence, Vol. 40, Section 11, page 24, and cases cited therein)

As to the taxability of the liquor stamps of the State of Texas about which you inquire, you are advised as follows:

School districts do not possess an inherent power to tax, as does the State. School districts derive their taxing powers solely from the statutes. (See Vol. 37, Texas Jurisprudence, page 990)

The lex scripta of Texas contemplates the collection of an ad valorem tax form all personal property of every description whatever. This general rule is limited by the principle of law to the effect that when the State delegates to a local unit or political subdivision a power to levy a tax, that the power to levy said tax on property and agencies of the State is impliedly reserved from this delegation of power.

"The authorities are practically uniform in declaring that property owned by the United States, a state or a municipality for public use, and in general the instrumentalities and agencies of such government, are not subject to tax unless so provided by positive legislation." (See City of Dallas v. Texas Employers' Insurance Association, 245 S. W. 751; 4 McQuillin, Municipal Corporations, 5th Ed., 1939, 1400; Cooley on Taxation, pp. 130, 131; Richmond County Academy v. Augusta, 90 Ga. 634, 17 S. E. 61, 20 L. R. A. 151.)

The stamps of the State of Texas about which you inquire come into being by virtue of the provisions of the Texas Liquor Control Act. This Act is set forth in Vernon's Penal Code as Article 666-1 to 666-49, and 667-1 to 667-22, inclusive. The Texas Liquor Control Act is lengthy, and its reproduction here would consume many pages. For the sake of brevity, we omit setting it out in full. We believe it will suffice to say with reference to this Act that a tax is thereby imposed by the State of Texas upon the first sale of all alcoholic spirits or liquor which is produced by the process of distillation. The Act makes this tax payable by the affixing of the stamps to the container of liquor so taxed. Elaborate provisions for the issuance of these stamps and their method of sale, etc., are made by the terms of the Texas Liquor Control Act. (See Vernon's Penal Code, Articles 666-21A, 666-21b, and 666-15a1)

An analysis and digest of the various provisions of the Act under discussion disclose that the stamps in question are "evidence of the payment of a tax, "and/or an agency or instrumentality of the State of Texas used by it as a means in the performance of its governmental functions of collecting the tax levied by the Act on the first sale of alcoholic spirits and liquors above mentioned.

As the Texas Liquor Tax Stamps about which you inquire are an instrument or means or agency, utilized by the State in the orderly process of the collection of taxes imposed by the terms of the Texas Liquor Control Act, it follows that when the State delegated to the school district the power to collect ad valorem taxes, the power to levy such a tax on said instrumentality of the State, as is the liquor tax stamp, was impliedly withheld and not granted.

We are therefore, of the opinion and so advise you that the school district cannot levy an ad valorem tax upon the State Liquor Tax Stamps, about which you inquire.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Geo. P. Blackburn
George P. Blackburn
Assistant

GPB:AMM:wc

APPROVED JAN. 18, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

This Opinion Considered and Approved In Limited Conference